UFHEIL CONSTRUCTION COMPANY, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-CROSS APPELLANT, v. BOROUGH OF ORADELL, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND GEORGE L. BRUGNOLI, IN HIS CAPACITY AS CHIEF OF POLICE IN THE BOROUGH OF ORADELL, DEFENDANTS-THIRD PARTY PLAINTIFFS-RESPONDENTS, v. THE COUNTY OF BERGEN, A MUNICIPAL CORPORATION, THIRD PARTY DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 30, 1973—Decided March 20, 1973.

Before Judges KOLOVSKY, MATTHEWS and ARD.

*Messrs. Kopp, Knoepfel & Toomey,* attorneys for cross-appellant (*Mr. Richard R. Knoepfel,* of counsel and on the brief).

*Messrs. Major & Major,* attorneys for respondent, Borough of Oradell (*Mr. James A. Major,* of counsel).

*Mr. Michael J. Ferrara,* County Counsel, attorney for Third Party Defendant-Appellant.

PER CURIAM. This appeal by the County of Bergen, in which plaintiff joined, is from an order which provides in pertinent part that:

* * * the said County of Bergen is ordered to conduct a hearing on the merits of Ordinance No. 579, Section 3–2 with suitable notice to the Borough of Oradell [and to the plaintiff] of the time and place of said hearing, and in the conduct of said hearing the Board of Chosen Freeholders may elect to conduct the hearing as a body, or in its discretion require such a hearing to be conducted by a designated Committee of the Board, or by an official designated by the Board in whom the Board has confidence, but the ultimate determination of whether ordinance No. 579, Section 3–2 shall be approved or disapproved shall be the action of the entire Board to be manifested by an appropriate resolution.

The appeal is only from so much of the quoted order as directs the county to conduct a hearing on the merits of the borough's ordinance. No objection is advanced to the direction that the ultimate determination of whether the ordinance shall be approved or disapproved shall be manifested by an appropriate resolution of the county's board of chosen freeholders (county board).

The facts are not in dispute. Oradell Avenue is a county road under the jurisdiction of the county board of freeholders. It traverses the borough. On December 16, 1953 the county board had adopted a resolution limiting the weight of trucks on that road to ten tons. On November 17, 1971 the county board adopted a resolution repealing the

ten-ton weight limitation along Oradell Avenue. That resolution was approved by the State Commissioner of Transportation on December 7, 1971. Such approval was required before the resolution could become effective. *N. J. S. A.* 39 :4–8.

On December 12, 1971, some three weeks after the board had adopted its resolution rescinding the weight limitation, the borough adopted ordinance No. 579. Section 3–2 of that ordinance purports to prohibit trucks weighing over ten tons from using the streets set out in Schedule V. One of the streets listed in Schedule V is Oradell Avenue between Grant Avenue and Forest Avenue. Two other streets listed in the Schedule, Ridgewood Avenue and Soldier Hill Road, are, according to plaintiff, also county roads.

On December 17, 1971 Oradell's attorney forwarded a copy of ordinance No. 579 to the board of freeholders and asked for a "review" of the provisions applying to county roads. He received a letter from the Director of Public Works, Supervisor of Roads, dated January 11, 1972, reading in part as follows:

With respect to Section 3–2, the Board has ruled that since County roads are considered to be designed for the movement of vehicles between municipalities, it is not reasonable to impose weight restrictions on vehicles using such roads, unless necessary to protect the integrity of a structure. The County can not, therefore, concur in the provisions of Section 3–2 and the accompanying Schedule V, insofar as they relate to County roads.

In March 1972 the present action was instituted by Ufheil against the borough and its chief of police seeking a declaration that the borough's ordinance, which would prevent Ufheil's trucks weighing more than ten tons from using the three county roads lying within Oradell, was invalid because the ordinance had not been approved by the county board of freeholders and by the State Commissioner of Transportation.

■ We interrupt the chronology of events to note that plaintiff was clearly entitled to the relief it sought, relief

designed to prevent further prosecution of its employees for alleged violations of the borough ordinance of December 12, 1971. The ordinance provision relating to weight limitation on Oradell Avenue is ineffective and will not become effective unless and until (1) the county board by resolution consents to the borough's regulating traffic on that county road, *N. J. S. A.* 39:4–197.2, and (2) the borough ordinance and the county's resolution are approved by the State Commissioner of Transportation. *N. J. S. A.* 39: 4–202; *N. J. S. A.* 39:4–8.

Plaintiff's right to relief being clear, the only controversial issue remaining in the case involves the propriety of the relief granted the borough by the third-party complaint it had filed against the county.

Several preliminary observations should be made. The controlling statutory provision is not, as the trial court assumed, *N. J. S. A.* 27:16–71 which provides:

> The governing body of a municipality may by resolution take over the care and control of a county road or portion thereof within the municipality, but the resolution shall not become effective until consented to by the board of chosen freeholders. The resolution expressing the consent shall be filed in the office of the county clerk.

but rather *N. J. S. A.* 39:4–197.2, which reads as follows:

> Any municipality, which maintains a paid police force, may, with the consent of the board of chosen freeholders of the county, by ordinance, regulate traffic and parking along and upon any county road or part thereof, lying within its corporate limits, in the same manner and to the same extent that it is authorized by law to regulate the same upon municipal roads and streets.

The borough did not seek to "take over the care and control" of the county road; what it sought to do was to "regulate traffic" on the county road.

While the borough council should have adopted a resolution requesting the county board to grant consent pursuant to *N. J. S. A.* 39:4–197.2 rather than having the proposal submitted in a letter from its attorney asking "for a re-

view of [the ordinance] provisions which applied to County roads," the irregularity is of no moment. It was not the basis for denial embodied in the letter of the county's Director of Public Works and Supervisor of Roads.

Further, we agree with the trial court that the Board was required to consider the borough's request at one of its regular or special meetings and express, in a resolution adopted by it, its decision either to grant or deny the borough's request. The requirement for such consideration at a formal public meeting of the board is unaffected by the fact that the board had but recently obtained state approval of a regulation directly contrary to what the borough proposes, although that circumstance may be considered by the board in reaching a decision on the request.

We do not agree, however, with the trial court's determination that the board is required to conduct the hearing on the merits of the ordinance provided for in the order under appeal.

 When an administrative agency or a municipal body is called upon to act *quasi*-judicially, due process requires that a hearing be held on notice to the parties in interest and that they be given an opportunity to present relevant evidence in support of, or in opposition to, the specific application involved.

However, as the trial court acknowledged, the action requested of the county board by the borough, the cession of the county's statutory power to regulate traffic on county roads, is not a judicial act; it is a legislative act. *Traction Co. v. Board of Works,* 56 *N. J. L.* 431, 437–438 (Sup. Ct. 1894), aff'd o. b. 57 *N. J. L.* 710 (E. & A. 1895).

 There is no requirement that the governing body of a municipality or county hold a judicial type hearing before acting legislatively. "Where the law is silent as to the mode of procedure, no particular formality in the enactment of an ordinance need be adopted." 5 *McQuillin, Municipal Corporations,* (3d ed.) § 16.10 at 145.

While some statutes do require that a legislative body give and publish notice of its intent to adopt an ordinance or resolution — see, for example, the provisions regulating the procedure for the adoption of municipal ordinances, *N. J. S. A.* 40 :49–2 *et seq.* — there is no statute which provides for such notice prior to the adoption by a county board of freeholders of a resolution of the nature here involved.

We do not infer that it would not be appropriate — it would be — for the county board to consider and weigh such material as may be submitted to it by the interested parties and the public generally with respect to the requested action. Further, it would be appropriate for the board to advise the parties of the date of the meeting at which the request is to be considered. The extent to which such presentations by the parties may be made orally at the board meeting, rather than in writing before or at that meeting, will depend on the rules of procedure which govern meetings of the board.

So much of the order appealed from as directs that the county conduct a hearing on the merits of the board's ordinance is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.